It appears from the testimony of the prosecutor that he had the consent of the owner of the land to use the house as long as he pleased. There was no contract for that purpose; guarding her orchard from the inroads of the boys made none. Either party might alter their mind when they pleased; he might have left the house without any breach of contract, and the owner had the right of requesting him to do so, and enforcing the request by any lawful means. It appears that the defendant Weeks purchased the house of the owner. Notice of this was given to the prosecutor. He persisted in retaking possession of it, after the defendants had become possessed; and here I suppose that the assault and battery charged was committed. It does not appear that the defendants acted otherwise than to take up the prosecutor and put him out of *Page 88 
doors; and as one of them owned the house, and the other acted by his authority, they had a right under the circumstances of the case to do so, if they used no unnecessary violence. But to show this right in them, I think the deed from Cely Weeks to Pender Weeks ought to have been read in evidence. As it was not, a new trial must be granted.
Judgment reversed.